UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY S. HALAJIAN, | No. 1:14-cv-01998-SAB |
| Plaintiff, pro se | |
| v. | **ORDER DISMISSING** |
| UNITED STATES OF AMERICA, | **PLAINTIFF'S CIVIL** |
| Defendant. | **COMPLAINT FOR FAILURE TO** |
| | **STATE A CLAIM** |

On December 15, 2014, Plaintiff filed his Verified Civil Complaint for Declaratory Judgment, Other Relief, ECF No. 1, in the Eastern District of California. Plaintiff seeks declaratory relief and injunctive relief. With respect to the declaratory relief, Plaintiff asks the Court to declare the following:

1.  As a matter of protected speech Plaintiff may state and record an affirmation that another is in debt to him.

2.  For purposes of the subject liens or statements, the bonds, oaths, omissions, and errors and constitutions listed thereon are not the personal property of the individuals named therein.

3.  Criminal negligence or misconduct on the part of a judge or magistrate is not a judicial act, as it relates to judicial immunity.

4.  To pursue the prosecution of criminals in public office is protected speech.

5.  To pursue indemnification for property damage caused by the

**ORDER DISMISSING PLAINTIFF'S CIVIL COMPLAINT FOR FAILURE TO STATE A CLAIM ~ 1**

misconduct of public servants is protected speech.

6. The Plaintiff's filing of the subject U.C.C. Financing Statements with the California Secretary of State are an exercise of protected speech and rights to due process.

Plaintiff also asks the Court to bar Defendant from "further harassment and malicious prosecution of the Plaintiff under 18 U.S.C. § 1521 until such time there merges a clear reason as to why his statements and representations are false. ECF No. 1 at 8.

## A.  Standard of Review

Pursuant to 28 U.S.C. § 1915(e)(2) and Fed. R. Civ. P. 12(b)(1) & (6), the Court has an obligation to *sua sponte* review Plaintiff's complaint to determine whether the Court has subject matter jurisdiction over the claims being brought by Plaintiff, and to also determine whether Plaintiff has stated a claim upon which relief may be granted.

28 U.S.C. § 1915(e)(2)(B) states:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>     (B)  the action or appeal—
>         (i) is frivolous or malicious;
>         (ii) fails to state a claim on which relief may be granted; or
>         (iii) seeks monetary relief against a defendant who is immune from such relief.

Under Fed. R. Civ. P. 12(b)(1), the Court must dismiss any claim over which it lacks subject matter jurisdiction. *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 954 (9th Cir. 2011). Even if the defendant does not explicitly move for dismissal, the Court has a duty to establish subject matter jurisdiction *sua sponte*. *Id.* Similarly, the Court "may act on its own initiative to note the inadequacy of a complaint and dismiss it for failure to state a claim." *Wong v. Bell*, 642 F.2d 359, 361 (9th Cir. 1981).  A complaint states a claim on which relief may

**ORDER DISMISSING PLAINTIFF'S CIVIL COMPLAINT FOR FAILURE TO STATE A CLAIM** ~ 2

be granted when the "non-conclusory 'factual content' and reasonable inferences from that content," plausibly suggest a claim entitling the plaintiff to relief. *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

**B.   Plaintiff's Complaint**

Here, Plaintiff's Complaint fails to state a claim on which relief may be granted.

**1.   Declaratory Relief**

Plaintiff asks the Court to issue a declaratory judgment. The Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C § 2201. It "was enacted to afford an added remedy to one who is uncertain of his rights and who desires an early adjudication without having to wait until he is sued by his adversary." *Levin Metals Corp v. Parr-Richmond Terminal Co.*, 799 F.2d 1312, 1315 (9th Cir. 1986). The phrase "case of actual controversy" refers to the type of "cases" and "controversies" that are justiciable under Article III. *Medimmune, Inc. v Genentech, Inc.*, 549 U.S. 118, 126 (2007). In order to obtain declaratory relief, the dispute between the parties must be "'definite and concrete, touching the legal relations of parties having adverse legal interest'; and that it be 'real and substantial' and 'admit of specific relief through a decree of conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.'" *Id.* (citation omitted). The question the Court must answer is "whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Golden v. Zwickler*, 394 U.S. 103, 108 (1969).

Plaintiff has not alleged facts sufficient to establish an actual controversy

**ORDER DISMISSING PLAINTIFF'S CIVIL COMPLAINT FOR FAILURE TO STATE A CLAIM ~ 3**

between himself and the United States with respect to the specific affirmations Plaintiff is seeking from this Court. Moreover, these questions can be addressed in the pending criminal proceedings and they should not be the subject of a collateral civil proceeding. Plaintiff is seeking a declaratory judgment to test the legal sufficiency of his defenses in the criminal prosecution, rather than present an actual controversy. This is not the purpose or design of the Declaratory Judgment Act. There is no sound purpose in invoking declaratory relief where the only object is a decision on questions pending in the criminal prosecution. Plaintiff is not entitled to a dress rehearsal of defenses in the criminal matter. As such, Plaintiff's allegations fail to state a claim for declaratory relief.

### 2. Injunctive Relief

Plaintiff seeks to enjoin the criminal prosecution currently pending in the Eastern District of California, *United States of America v. Barry S. Halajian*, 1:14-cr-00208-SAB. As a general rule, equity will not enjoin the enforcement of a criminal statute, even if the statute is later found to be unconstitutional. *Argonaut Mining Co. v. McPike*, 78 F.2d 584, 586 (9th Cir. 1935); *Ackerman v. Intern'tl Longshoremen's & Warehousemen's Union*, 187 F.2d 860, 863 (9th Cir. 1951). The underlying policy for this rule is that "the processes of the criminal law should be permitted to reach an orderly conclusion in the criminal courts where they belong." *Ackerman*, 187 F.3d at 868. Although exceptions to the general rule exist, Plaintiff has not alleged any facts that demonstrate the required exceptional circumstances are met. *See Bhatia v. United States*, 2010 WL 1552840 (9th Cir. Apr. 20, 2010) (affirming district court's dismissal of action seeking relief in connection with a federal criminal prosecution against the plaintiff; finding no extraordinary circumstances alleged that warranted interference with the federal criminal proceedings).

Plaintiff has failed to state a claim that would entitle him to the injunctive relief he seeks. The United States Supreme Court has instructed that if injunctive

**ORDER DISMISSING PLAINTIFF'S CIVIL COMPLAINT FOR FAILURE TO STATE A CLAIM** ~ 4

1 relief is impermissible, declaratory relief should be denied as well under these
2 same principles. *Samuels v. Mackell*, 401 U.S. 66, 72 (1971).  This is an
3 alternative reason to find that Plaintiff's complaint fails to state a claim for
4 declaratory relief.

5   Because Plaintiff has failed to state a claim for declaratory or injunctive
6 relief, the Court does not have subject matter jurisdiction over his Complaint. As
7 such, it is necessary to dismiss this action.

8   **3. 18 U.S.C. §§ 241 & 242**

9   Contrary to Plaintiff's assertion, he has no private right of action to bring
10 criminal charges.  18 U.S.C. §§ 241 and 242 are criminal or jurisdictional statutes
11 that provide no private right of action.  *Aldabe v. Aldabe*, 616 F.2d 1089, 1092
12 (9th Cir. 1980).  Only a federal grand jury or United States attorney may initiate
13 such criminal charges. Accordingly, Plaintiff cannot state a claim under 18 U.S.C.
14 §§ 241 or 242**.**

15 **C. Leave to Amend**

16   The Ninth Circuit has instructed that leave to amend should be granted
17 "even if no request to amend the pleading was made, unless it determines that the
18 pleading could not possibly be cured by the allegation of other facts." *Lacey v.*
19 *Maricopa Cnty.*, 693 F.3d 896, 926 (9th Cir. 2012). Courts should grant leave to
20 amend unless amendment would be futile or the plaintiff has failed to cure the
21 complaint's deficiencies despite repeated opportunities. *Telesaurus VPC, LLC v.*
22 *Power*, 623 F.3d 998, 1003 (9th Cir. 2010).

23   Here, it is appropriate to grant Plaintiff leave to amend his complaint.

24   Accordingly, **IT IS HEREBY ORDERED:**

25   1. Plaintiff's Verified Civil Complaint for Declaratory Judgment, Other
26 Relief, ECF No. 1, is **dismissed**.

27   2. Plaintiff shall have until **April 27, 2015** to file his Amended Complaint.
28 Failure to do so will result in dismissal of this action.

**ORDER DISMISSING PLAINTIFF'S CIVIL COMPLAINT FOR FAILURE
TO STATE A CLAIM** ~ 5

1    **IT IS SO ORDERED.** The District Court Executive is hereby directed to

2  file this Order and provide copies to Plaintiff.

3    **DATED** this 19th day of March, 2015.

4

5

6  _____

7                Stanley A. Bastian
               United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ORDER DISMISSING PLAINTIFF'S CIVIL COMPLAINT FOR FAILURE
TO STATE A CLAIM ~ 6**